IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PENNYMAC CORP.,

    Plaintiff,                    Case No. 2:12-cv-1425 KJM DAD PS

    vs.

DALE P. BABIJ;                  FINDINGS AND RECOMMENDATIONS
TRACEY L. BABIJ,

    Defendants.

_____/

        By Notice of Removal filed May 25, 2012, this unlawful detainer action was removed from the El Dorado County Superior Court by Evelyn Marcus, who paid the required filing fee and who is proceeding pro se.[1] Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

        At the outset, defendants are advised that one party proceeding pro se may not represent any other party proceeding pro se. <u>See</u> Local Rule 183.  Thus, each document submitted for filing by defendants must bear the signatures of all defendants. In this regard, the

---

[1] In the Notice of Removal, Evelyn Marcus states that, "[w]hereas this action was filed in California State Court only against [Dale Babij and Tracey Babij], Defendant Evelyn Marcus filed documents required by California law to intervene . . ." (Doc. No. 2 at 1.)

1

1  Notice of Removal should have been signed by each defendant, but was only signed by Evelyn
2  Marcus.  See <u>United Computer Systems, Inc. v. AT & T Corp.</u>, 298 F.3d 756, 762 (9th Cir. 2002)
3  ("[T]he usual rule is that all defendants in an action in a state court must join in a petition for
4  removal . . .").

5  Moreover, it is well established that the statutes governing removal jurisdiction
6  must be "strictly construed against removal." <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062,
7  1064 (9th Cir. 1979) (citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108 (1941)).
8  <u>See</u> also <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32 (2002); <u>Provincial Gov't of
9  Martinduque v. Placer Dome, Inc.</u>, 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction
10 must be rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v.
11 Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction
12 falls on the party invoking removal.'" <u>Harris v. Provident Life & Accident Ins. Co.</u>, 26 F.3d 930,
13 932 (9th Cir. 1994) (quoting <u>Gould v. Mut. Life Ins. Co.</u>, 790 F.2d 769, 771 (9th Cir.1986)).  <u>See
14 also Provincial Gov't of Martinduque</u>, 582 F.3d at 1087.  Moreover, "the existence of federal
15 jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to
16 those claims."  <u>ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality</u>, 213 F.3d
17 1108, 1113 (9th Cir. 2000).  Where it appears, as it does here, that the district court lacks subject
18 matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

19 Here, the Notice of Removal states that federal jurisdiction is based on the
20 "Protecting Tenants at Foreclosure Act of 2009."  (Doc. No. 2 at 2.)  In this regard, it is asserted
21 that the Protecting Tenants at Foreclosure Act is "<u>not</u> a defense, but the <u>entire basis</u> for the action
22 . . ."  (<u>Id.</u> at 5.)  However, "[d]efendant's assertions of the 'Protecting Tenants at Foreclosure
23 Act' are best characterized as defenses or potential counterclaims; neither of which are
24 considered in evaluating whether a federal question appears on the face of a plaintiff's
25 complaint." <u>Federal Nat. Mortg. Ass'n v. Detmer</u>, No. 1:12-cv-00550-AWI-SKO, 2012 WL
26 1435018, at *2-3 (E.D. Cal. Apr. 25, 2012).  See also <u>First Northern Bank of Dixon v. Hatanaka</u>,

No. 2:11-cv-02976 MCE KJN PS, 2011 WL 6328713, at * 4 (E.D. Cal. Dec. 16, 2011). "[F]ederal district courts have held that a defense based on the Protecting Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction." Aurora Loan Servs., LLC v. Montoya, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011).

      Moreover, it is evident, from a reading of plaintiff's complaint that this is nothing more than a garden-variety unlawful detainer action filed against the former owner of real property located in California and that it is based wholly on California law.  As such, the complaint does not involve any "claim or right arising under the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file this action originally in federal court.  See 28 U.S.C. § 1441(b).

      Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the El Dorado County Superior Court and that this case be closed.

      These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after service of the objections.

DATED: June 7, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\pennymac1425.f&r.remand.ud